CHARLES P. DUNKEL ET AL. v. THE CRAMER HILL FERRY COMPANY.

1. An application to have a writ of inquiry executed before a justice of this court, is at the discretion of the court and will only be granted when the case is very special, as where the law is mixed with the fact, or where the inquiry appears to be of too much consequence for the sheriff to undertake.
2. That large damages are claimed is insufficient.

---

On application to have a writ of inquiry executed before a justice of this court.

Argued at November Term, 1897, before Justices VAN SYCKEL, DIXON and COLLINS.

For the motion, *Jonas S. Miller.*

PER CURIAM.

Such an application is at the discretion of the court and will only be granted when the case is very special, as where the law is mixed with the fact, or where the inquiry appears to be of too much consequence for the sheriff to undertake. That large damages are claimed is not sufficient. *White* v. *Hunt*, 1 *Halst.* 330.

An example of the appropriate exercise of this discretionary power is *Jersey City* v. *Chase*, 1 *Vroom* 233.

The affidavit submitted to us shows only the ordinary case of a judgment by default in an action for personal injury resulting from defendant's negligence.

The application is denied.